IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE WILLOUGHBY, LAKENDREA CAMILLE MCNEALY, SHAYLYNN DOXIE, BRITTNEY GRAY, KATALEENA HELMICK, LANI JOHNSTON, ASHLEY POPA, and DENIEGE REVORD, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. 1:22-cv-01322<br><br>**JOINT STIPULATION AND ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS** |
| In Re: Recalled Abbott Infant Formula Products Liability Litigation | Case No. 23 C 338<br><br>Hon. Judge Matthew F. Kennelly |

Plaintiffs Charlotte Willoughby, Lakendrea Camille McNealy, Shaylynn Doxie, Brittney Gray, Kataleena Helmick, Lani Johnston, Ashley Popa, and Deniege Revord ("Plaintiffs"), and Defendant Abbott Laboratories ("Abbott" or "Defendant") (collectively, the "Parties"), by and through their undersigned attorneys, jointly stipulate under Federal Rule of Civil Procedure 30(b)(4) to the following protocol for conducting depositions via remote means in the above-captioned manner:

1. With the consent of both of the Parties, depositions may be conducted remotely using videoconference technology, and each deponent shall be video-recorded. The Parties have

agreed that party depositions should proceed remotely and that expert depositions will go forward in-person unless counsel noticing the deposition requests a remote deposition.

2. The Parties agree that an employee of the remote deposition service provider may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

3. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent and any attorney taking or defending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

5. The videographer shall monitor the audio and video transmission and shall stop the record if he or she determines that any participant has been dropped from the remote deposition or is otherwise incapable of participating by reason of technical problems. If a videographer is not present, staff from the deposition services provider and/or court reporter shall stop the record as soon as he or she becomes aware that a participant has been dropped from the remote deposition or cannot participate by reason of technical problems.

6. The counsel for the deponent shall make objections and interpose instructions not to answer in substantially the same manner as he or she would at an in-person deposition. If deponent's counsel is unable to make objections and interpose instructions not to answer by

reason of technical difficulties the deposition should be paused. Once any technical issues are resolved, the deponent's counsel shall have an opportunity to object or to instruct. These objections and instructions not to answer shall be regarded as timely.

7. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while on the record. If counsel needs to initiate a private conference to determine whether privilege should be asserted, counsel may ask to pause the deposition and go off the record—even if a question is pending. The deponent shall shut off electronic devices, other than the devices that the deponent is using for the videoconferencing software and to display and access the exhibits. This shall include the deponent's phone, which must be shut off and out of reach of the deponent while on the record. For avoidance of doubt, counsel may use their own electronic devices—such as laptops or phones—while on the record, but they must keep the screen out of the deponent's view.

8. During breaks in the deposition, the Parties may use the breakout room feature provided by deposition services provider, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by depositions services provider prior to the deposition and controlled by deposition services provider.

9. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter on the ground that the court reporter is not a notary public in the state where the deponent resides.

10. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The deposition services provider will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript. The deposition will only video record the deponent

11. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the deposition services provider employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the deposition services provider employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business affiliation; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

15.     The Party that noticed the deposition shall provide the deposition services provider with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

16.     The Parties agree to work collaboratively and in good faith with the deposition services provider to assess each deponent's technological abilities and to troubleshoot any issues in advance of the deposition so any adjustments can be made.  The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.  All counsel agrees to work with their client to ensure they have signed up for the exhibit sharing deposition prior to the start of the deposition and timely provide all email addresses as required for access to the deposition link and the exhibit sharing platform.

17.     Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology.

18.     The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

19. The Parties agree that counsel may introduce exhibits electronically during the deposition, by using the deposition service provider's document-sharing technology or by using the screensharing technology within the videoconferencing platform. If any technical issues occur, the Parties may agree during the deposition to send exhibits by email.

20. If the counsel noticing the deposition believes that any files are too large to be shared electronically, counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent and the deponent's counsel. In that event, noticing counsel shall so inform the deponent's counsel and shall provide tracking information for the package. Such documents shall be delivered no later than 5:00 pm CT the business day before the deposition (unless unforeseen delays occur with the company used and then no later than the start of the deposition). Counsel for the deponent shall confirm receipt of the package by electronic mail to counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. Counsel also agrees to not open the exhibits until instructed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

Dated: 3/1/2024

SO ORDERED:

_____
The Honorable Matthew Kennelly

| | |
|---|---|
| LYNCH CARPENTER LLP<br><br>s/ *Kyle A. Shamberg*<br>Katrina Carroll<br>Kyle A. Shamberg<br><br>111 W. Washington Street, Suite 1240<br>Chicago, IL 60602<br>Phone: (312) 750-1265<br>Fax: (312) 212-5919<br>katrina@lcllp.com<br>kyle@lcllp.com | PATTERSON BELKNAP WEBB & TYLER LLP<br><br>s/ *Jonah Knobler (with consent)*<br>William F. Cavanaugh, Jr.<br>Jonah M. Knobler<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 336-2000<br>Fax: (212) 336-2222<br><br>wfcavanaugh@pbwt.com<br>jknobler@pbwt.com |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P<br>Rebecca A. Peterson (*Pro Hac Vice*)<br>Robert K. Shelquist (*Pro Hac Vice*)<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Facsimile: (612) 339-0981<br>rapeterson@locklaw.com<br>rkshelquist@locklaw.com | WINSTON AND STRAWN LLP<br>Jonathan D. Brightbill<br>Hannah M. Shankman<br>1901 L Street NW<br>Washington, DC 20036<br>Tel: (202) 282-5855<br>Fax: (202) 282-5100<br><br>JBrightbill@winston.com<br>HShankman@winston.com |
| WEXLER BOLEY & ELGERSMA LLP<br>Kara A. Elgersma<br>Kenneth A. Wexler<br>311 S. Wacker Drive, Suite 5450<br>Chicago, IL 60606<br>Telephone: (312) 346-2222<br>Facsimile: (312) 346-0022<br>kaw@wbe-llp.com<br>kae@wbe-llp.com | WINSTON AND STRAWN LLP<br>Sarah E. Harmon<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700<br>sharmon@winston.com<br><br>***Attorneys for Abbott Laboratories*** |
| GUSTAFSON GLUEK, PLLC<br>Daniel E. Gustafson (*Pro Hac Vice*)<br>Catherine Sung-Yun K. Smith<br>Canadian Pacific Plaza<br>120 South 6th Street, Suite 2600<br>Minneapolis, MN 55402 | |

Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
csmith@gustafsongluek.com

BARRACK RODOS & BACINE
Stephen R. Basser (*Pro Hac Vice*)
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com


GEORGE FELDMAN MCDONALD, PLLC
Michael Liskow (*Pro Hac Vice*)
Janine L. Pollack (*Pro Hac Vice*)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (917) 963-2707
mliskow@4-Justice.com
jpollack@4-Justice.com


GEORGE FELDMAN MCDONALD, PLLC
Lori G. Feldman (*Pro Hac Vice*)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
LFeldman@4-Justice.com
E-service: eService@4-Justice.com


GEORGE FELDMAN MCDONALD, PLLC
David J. George
Brittany L. Brown
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Telephone: (561) 232-6002
DGeorge@4-Justice.com
E-service: eService@4-Justice.com

EMERSON FIRM, PLLC
John G. Emerson
2500 Wilcrest Drive, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
jemerson@emersonfirm.com

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, D.C. 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com


SALTZ MONGELUZZI & BENDESKY, PC
Simon B. Paris, Esq.
Patrick Howard, Esq.
1650 Market Street, 52nd Floor
One Liberty Place
Philadelphia, PA 19103
Telephone: (215) 496-8282
Facsimile: (215) 754-443
sparis@smbb.com
phoward@smbb.com

*Attorneys for Plaintiffs*