IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE WILLOUGHBY, LAKENDREA CAMILLE MCNEALY, BRITTNEY GRAY, LANI JOHNSTON, ASHLEY POPA, and DENIEGE REVORD individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 22 C 1322 <br><br> Hon. Judge Matthew F. Kennelly |
| In Re: Recalled Abbott Infant Formula Products Liability Litigation | ) ) ) ) | Case No. 23 C 338 <br><br> Hon. Judge Matthew F. Kennelly |

**ABBOTT'S UNOPPOSED REQUEST FOR CLARIFICATION
OR STATUS CONFERENCE**

Abbott hereby requests the Court's guidance with respect to its minute order dated September 23, 2024 (No. 338, ECF 127), either via further written order or a brief remote status conference.

1. At the September 23, 2024 status conference in this matter, Abbott's counsel raised the fact that Plaintiffs' forthcoming summary judgment opposition and supporting documents would likely cite and quote extensively from materials that Abbott had produced with a confidentiality designation. Abbott noted the challenge of reviewing those materials, determining what should be sealed and redacted on a particularized basis, and preparing a sealing motion justifying each sealing or redaction decision within 14 days of receiving Plaintiffs'

1

opposition papers, while simultaneously preparing its own reply brief and responding to Plaintiffs' Rule 56.1 Statement of Additional Facts on the merits.

2. The recollection of Abbott's counsel is that, in response, the Court stated as follows: Both parties could make their upcoming summary judgment filings entirely under seal, without any further particularized showing at this time. Redacted versions of each party's briefs and Rule 56.1 Statements should be filed within 14 days of each side's respective sealed filings. Particularized, final determinations about what should remain under seal or subject to redaction would be made at an unspecified future time following the close of briefing. In other words, as Abbott understood it, the Court was amenable to an arrangement that would give the parties a full 14 days from the date of the opposing party's filings to provide their desired interim redactions to those filings, and that any disputes over the propriety of those redactions (or sealed exhibits) would be raised and addressed later.

3. In its minute order following the September 23 conference, the Court stated that "[b]oth sides have leave to file their remaining summary judgment materials under seal, with a redacted version filed in the public record 14 days later." That much tracks Abbott's counsel's recollection. However, the Court's order then stated: "Any objections to material claimed to be inappropriately filed under seal must be filed within 7 days of the sealed filing." The undersigned counsel does not recall that latter condition being discussed at the conference, and certainly not with respect to redactions (as opposed to sealed exhibits).

4. Yesterday, Plaintiffs served their summary judgment opposition. As expected, their brief, response to Abbott's Rule 56.1 Statement, and Rule 56.1 Statement of Additional Facts appear to contain numerous references to material that Abbott has designated confidential, and to attach numerous exhibits that Abbott produced with a confidential designation. Upon a

quick initial review, it appears that all the confidential-designated information in Plaintiff's filing is Abbott's confidential information, and that none of it is Plaintiffs' own.

5.      Referring to the Court's September 23 minute order, Plaintiffs also noted: "As we have to file [our] objections within 7 days- please let us know what portions of the (1) brief; (2) responsive facts; and (3) affirmative facts your client wants redacted by *this Friday*," *i.e.*, four days later.  Plaintiffs explained that this request was based on their understanding that the Court's minute order required them raise any objections to Abbott's desired redactions to their summary judgment papers "within 7 days of" *their own* "sealed filing" of those summary judgment papers—*i.e.*, by this coming Monday.

6.      Based on the discussion at the case management conference, Abbott did not understand that the Court meant for Abbott to provide its desired redactions to Plaintiffs just *four days* after receiving their voluminous opposition papers, while simultaneously preparing their own reply papers on the merits.  Rather, Abbott understood that the Court was calling for Abbott's interim redactions within *14 days* of Plaintiffs' filing of their summary judgment opposition papers, with any disputes over the propriety of specific redactions (or sealing designations) to follow later, once summary judgment is fully briefed.

7.      The September 23 minute order, on its face, does not say anything about challenges to an opposing party's desired *redactions*—merely to "material claimed to be inappropriately filed under seal."  And if the order does apply to redactions, it could be read in multiple ways—*e.g.*, as requiring Plaintiffs to object to Abbott's proposed redactions "within 7 days of" Plaintiffs' original filing (*i.e.*, 7 days from yesterday), as Plaintiffs appear to understand it, or "within 7 days of" receiving Abbott's desired redactions to that filing (*i.e.*, 21 days from yesterday).  The latter reading appears more consistent with the court's apparent recognition at

3

the status conference of the burden of simultaneously briefing summary judgment and dealing with side disputes over sealing and redaction.

    8.    Accordingly, Abbott respectfully seeks clarification of the Court's minute order, either by written order or a brief remote status conference. In particular, Abbott requests the following:

    (1)    That Abbott should provide Plaintiffs with its desired redactions to Plaintiffs' brief and Rule 56.1 statements within 14 days of yesterday's summary judgment opposition filing;

    (2)    That Plaintiffs should thereupon file those redacted versions on the public docket, after adding additional redactions of their own confidential information, if any;

    (3)    That Abbott need not redact Plaintiffs' individual summary judgment exhibits, but may limit its redactions to Plaintiffs' brief and Rule 56.1 statements;

    (4)    That the analogous procedures and deadlines should apply to Abbott's forthcoming summary judgment reply papers (*i.e.*, redacted public versions of Abbott's brief and response to Plaintiffs' Rule 56.1 Statement of Additional Facts to be filed within 14 days of Abbott's sealed filing of those papers);

    (5)    That any dispute over the propriety of particular redactions or sealing designations be raised and resolved after the summary judgment motion has been fully briefed, through a schedule to be determined following the close of briefing.

    9.    Abbott conferred with Plaintiffs before making this filing, and Plaintiffs stated that they do not oppose the relief requested herein.

Dated: October 8, 2024

By: */s/ William F. Cavanaugh, Jr.*

**PATTERSON BELKNAP WEBB & TYLER LLP**
William F. Cavanaugh, Jr. (**lead trial counsel**)
Jonah M. Knobler
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
Email: wfcavanaugh@pbwt.com
       jknobler@pbwt.com

**WINSTON AND STRAWN LLP**
Jonathan D. Brightbill
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5855
Facsimile: (202) 282-5100
Email: JBrightbill@winston.com

Sarah E. Harmon
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: sharmon@winston.com

*Attorneys for Defendant Abbott Laboratories*

**CERTIFICATE OF SERVICE**

      I, William F. Cavanaugh, Jr., hereby certify that this document filed through the ECF system on October 8, 2024, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                               */s/ William F. Cavanaugh, Jr.*
                                               William F. Cavanaugh, Jr.